**Painter v. Allegheny Graphics LLC**

C.P. of Armstrong County, no. 2009-0612-Civil.

*Linda L. Ziembicki,* for plaintiff.
*Bradley K. Hellein,* for defendant.

VALASEK, *P.J.,* August 3, 2009—Before the court for disposition are defendant's preliminary objections to plaintiff's breach of contract complaint. The complaint was filed de novo pursuant to Pa.R.C.P.M.D.J. 1004(C) in connection with an appeal from a judgment entered in magisterial district court. Defendant alleges in its preliminary objections that plaintiff failed to attach a written copy of the contract to her complaint as required by Pa.R.C.P. 1019(i). Defendant further alleges that plaintiff improperly amended the caption of the complaint to substitute a different party plaintiff, Patricia Painter, for The Drying Shed.

The court agrees that plaintiff failed to attach a written copy of the contract as required and will sustain that preliminary objection. However, the court does not agree that plaintiff improperly added or substituted a party.

Pa.P.C.P.M.D.J. 1007, entitled Procedure on Appeal, states in pertinent part:

"(A) **The proceeding on appeal shall be conducted de novo** in accordance with the Rules of Civil Procedure that would be applicable **if the action was initially commenced in the court of common pleas.**

"(B) Except as otherwise provided in subdivision C, **the action upon appeal may not be limited with respect to** the amount in controversy, joinder of causes of action **or parties,** counterclaims, added or changed averments **or otherwise** because of the particulars of the action before the magisterial district judge. . . ." Pa.RC.P.M.D.J. 1007. (emphasis added)

Under Rule 1007, plaintiff was within her rights to change the name of the plaintiff to reflect the owner of the business rather than the name of the business.[1]

Defendant also protests that because The Drying Shed was not registered as a fictitious name at the time the magisterial district court suit was instituted, under 54 Pa.C.S §331, Painter lacks the capacity to sue in the court of common pleas. The court does not agree. Section 331 states, "No entity which has failed to register a fictitious name as required by this chapter shall be permitted to maintain any action in any tribunal of this Commonwealth until such entity shall have complied with the provisions of this chapter." In this case, Painter registered "Main Street Drying Shed" as a fictitious name on April

---

1. The complaint at the magisterial district judge level named both the business and the owner as plaintiffs.

28, 2009, prior to filing her de novo complaint on May 6, 2009. Thus, even if plaintiff was to sue under the fictitious name rather than under her own name, she is entitled to do so by virtue of the April 28, 2009 fictitious name registration.

For all the above reasons, the court will sustain defendant's preliminary objections in part and dismiss them in part

An appropriate order will be entered.

## ORDER

And now, August 3, 2009, after consideration of defendant's preliminary objections, it is ordered that the preliminary objection regarding plaintiff's failure to attach a written contract be sustained. Plaintiff shall have leave to file an amended complaint within 30 days of the date of this order with a written contract attached. It is further ordered that the remainder of defendant's preliminary objections be dismissed.